## SUSAN SPRAGUE *v.* JOSEPH HULL.

An action of covenant cannot be maintained upon a sealed agreement to submit, under a rule of court, a pending action and all matters in dispute to certain referees, for the non-performance of their award, though the award be established by judgment, unless the agreement of submission contain some stipulation to perform it; the remedy in such case, if it be one that the execution of a common-law court, out of which the rule issues, will not afford, being a remedy in law or equity suited to the case.

COVENANT for the non-performance of an award of referees under a rule of court, brought upon the following deed of submission :—

" SUSAN SPRAGUE *v.* JOSEPH HULL.

" Action of Trespass. In the case, Susan Sprague, plaintiff, *v.* Joseph Hull, defendant, commenced at the December term of the court of common pleas in the county of Providence, A. D. 1855, for an alleged trespass upon the property of the plaintiff, the parties in court have agreed to enter the same as a rule of said court ; and have mutually agreed to refer said cause, and all other claims and disputes between said parties, as well as any and all other matters concerning the boundary line between their several estates, to Nehemiah S. Draper and James Barnes, of said Providence, who are authorized and empowered to proceed and appoint time and place of meeting, notify the parties thereof, hear their several pleas, evidence, and allegations, and

report make in said cause, and in relation to said boundary line, as to them shall seem just and equitable ; and if said referees shall adjudge that said defendant is guilty of said alleged tres- pass, they shall estimate and report the amount of damages, and execution shall issue out of the clerk's office, returnable at the next September term, A. D. 1857, for the amount thereof, together with all costs recovered in the action aforesaid ; and if they shall report he is not guilty, then they shall award to said defendant his costs of court,—execution to issue, and returnable as afore- said.

" And it is further understood and agreed, that if either party shall refuse or neglect to attend before said referees, they shall proceed *ex parte*, and the report, so made, shall be final and conclusive between the parties.

" In witness whereof the parties have hereunto set their hands and seals this twenty-seventh day of April, A. D. 1857.

(Signed)              SUSAN SPRAGUE, (L. S.)

JOSEPH HULL,    (L. S.) "

The declaration counted upon this covenant, and alleging, that, for the due performance and satisfaction of said agreement, each of said parties thereby covenanted and agreed with the other that whatever judgment might be rendered by the referees named therein should be final and conclusive, further alleged, in sub- stance, that the referees had, amongst other things, awarded that the wall and fence of the defendant, as they then stood, were upon the land of the plaintiff ; and having fixed the boun- dary line of their respective estates, the same to be marked and staked out by a surveyor, had further awarded, that the defend- ant should remove his wall and fence to the line so marked and staked out, and fill in any vacancy caused by such removal, next to the defendant, prior to December 1st, A. D. 1857. The breach of the covenant, assigned in the declaration, was, that although the boundary line was marked and staked out by a surveyor according to the award of the referees, on the 1st day of August, 1857, the defendant had not, though requested, per- formed his covenant, " by placing said wall and fence on the aforesaid line," within the time limited, but had hitherto wholly

neglected and refused, and still did neglect and refuse so to do, contrary to said articles of agreement, &c.

To this declaration, the defendant having pleaded, 1st, *non est factum;* 2d, performance; and, 3d, that there was no such award; and issue having been joined upon these pleas; the case came on for trial before Shearman, J., with a jury, at the December term of the court of common pleas for the county of Providence, 1858. In support of the issues, on her side, the plaintiff proved the execution of the above covenant of submission, and offered in proof the following award of the referees named therein, which it was agreed had been returned to the court of common pleas, and had been received and established by judgment of said court.

" To the honorable court of common pleas.
" Case.   SUSAN SPRAGUE, *Plaintiff*, v. JOSEPH HULL, *Defendant*.

" In pursuance of their appointment, the referees in the above case, having been duly engaged, notified the parties of the time and place of meeting, heard their several pleas, evidence, and allegations ; and after duly considering the same do *report*, that the wall and fence, as they now stand, are upon the lot of Susan Sprague, the plaintiff; and that the boundary line between the parties is the red line *b* and *y*, as defined on the plat herewith submitted, and made part of this report.

" They further report, that the rights of all parties to the use of the passage-way between the two estates are defined in the bond of Obadiah Sprague, westerly, thirty feet from Stamper Street, the terminus of said passage-way, as specified in said bond, eighteen inches in width beyond or running to rear ; said terminus extending to the entrance on his lot, the said Joseph Hall is to have a free and undisturbed passage. From that point the wall and fence are to be set, according to the red line on said plat,—the first being staked out by an engineer.or surveyor agreeable to this plat ; and that the said Hull remove the wall and fence to said line as shall be marked by said surveyor, and filling in, next to said Sprague, any vacancy caused by said removal, prior to December 1, 1857. The referees further

3 *

award and determine that the costs of court and the referee's fees be taxed equally to both parties.

All which is respectfully submitted.

(Signed)        N. S. DRAPER,  ⎱
                JAMES BARNES,  ⎰ *Referees.*"

To the introduction of this evidence the defendant objected, substantially, on the ground that it did not support either issue, but showed that the defendant had fully performed his covenant by submitting his rights, in accordance therewith, to the award of the referees ; and that the proceedings before the referees and upon their report being had under the provisions of the statute, the remedy of the plaintiff must be according to those provisions, and that a suit at common law could not be maintained on the covenant of submission for the non-performance of the award of the referees. The defendant also moved that a nonsuit should be entered up against the plaintiff.

This objection was overruled by the court, and the motion for a nonsuit refused ; and the report having been admitted to pass to the jury in connection with proof that the defendant had not performed the award by removing his wall and fence to the line fixed by the referees, the jury found for the plaintiff upon all the pleas, and assessed damages against the defendant in the sum of one dollar.

The defendant having excepted to this refusal and ruling at the trial, now brought his exceptions to this court for the correction of the errors alleged therein.

*Peckham*, for the defendant :—

1st. No common-law action can be maintained upon an agreement to submit a cause or controversy, under a rule of court, to referees ; the parties contemplating only the statute proceedings and remedy, and the agreement, when the report of the referees is established, being merged in the judgment of the court. Rev. Stats. ch. 188, § 3. The court can vary its execution so as to conform it to the necessity of each case. Ibid. ch. 194, § 17. See Caldwell on Arbitration, 359, n. 1; *Webster* w. *Lee,* 5 Mass. 337; *Sargent* v. *Hampden,* 32 Maine, 78.

2d. From its terms and obvious import, this covenant has

Sprague *v.* Hull.

been fully performed by the defendant, by his submission of his rights to the award of the referees named therein, and to the judgment of the court upon their report; and the whole force of his agreement is thereby exhausted. If there is any difficulty in enforcing the award, the remedy is not, certainly, upon a covenant which the defendant has performed. *Sargent* v. *Hampden*, 32 Maine, 78 ; *Deerfield* v. *Arms*, 20 Pick. 480 ; *Allen* v. *Chase*, 3 Wisc. 249.

3d. The action derives no countenance from the last clause of the covenant, providing that the referees may proceed *ex parte*, if the parties, upon being notified, do not appear before them, and that notwithstanding such non-appearance, the report shall be final and conclusive upon the parties ; all this being merely what the law would have directed and adjudged upon a submission to a rule of court, without such stipulation.

4th. The agreement of submission itself looks to an execution, and not to an action, for the enforcement of the award, and provides in express terms for it ; thus showing, that the parties contemplated only the statute mode of enforcing the award. But if an action at common law may be brought, in some form, to enforce the award, it is clear that covenant is not that action.

*Bowen*, for the plaintiff :—

The covenant contains the usual clause, that the report of the referees shall be final and conclusive. All that the court, to which the report was made, could do by its execution, that is, to issue execution for the plaintiff's costs, has been done ; and the remedy for the non-performance of the specific act awarded for the defendant to do, is upon his covenant, to abide by the award.

AMES, C. J. There is no express stipulation in this covenant of submission that either party will perform the award of the referees named therein, 'nor, from what is stipulated, can any personal covenant to that effect be fairly implied. It is an ordinary agreement, under seal, it is true, to submit a certain action then pending between the parties, and other matters, and especially a boundary line of their respective estates, about which a dispute existed, to certain referees, who were to act under a rule

of the court of common pleas. Every clause in the agreement points merely to this; and, certainly, there is not one which looks farther than the remedy by execution for the enforcement of the award. Without doubt, where this is deficient, as, for the purpose of the specific performance of any other act than the payment of money, it in general is, a court of law, by damages, or a court of equity, by a decree for specific performance, would furnish to the plaintiff a remedy, based upon the award, suited to his case; but, because the agreement of submission is sealed, it by no means follows that an action of covenant upon it is such remedy. It may be, if the covenant contains a stipulation to perform the award; for, defective as the execution of a common-law court must necessarily be to enforce all that may be awarded under so general a submission as this, we see no objection to the parties providing, by personal covenants to perform the award, for contingencies which an ordinary execution cannot reach. But then there must be such a covenant before the party can claim, in an action of covenant, damages for its non-performance; and a mere covenant to submit to a rule of court is not, and has not been deemed to be, such a covenant.

The evidence objected to by the defendant in the court below, so far from tending to prove a breach of the covenant upon which he was sued, clearly showed that he had performed it by submitting his rights to the final award of the referees in whose choice he had concurred, and did not tend to support the issue upon which damages were assessed against him. The court erred in admitting it for such a purpose, and, as the verdict shows, to the injury of the defendant. The verdict must, therefore, be set aside, and a new trial granted.